**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Classes*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERNANDO ADAME, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE COMEDY STORE.,<br><br>Defendant. | Case No.<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE SOLICITATION ACT 47 U.S.C. § 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. Plaintiff, Fernando Adame ("Plaintiff"), brings this action against Defendant, The Comedy Store ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a putative class action under 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA").

3. Defendant is a California corporation engaged in the entertainment and live comedy business, operating a comedy club and related services for consumers based out of the State of California.

4. To promote its goods and services, Defendant engages in aggressive telemarketing campaigns to consumers with no regard for consumers' rights under the TCPA, even after customers opt out from Defendant's text messages.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court

jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

7. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is headquartered in this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the Central District of California and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the Central District of California.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Los Angeles County, California.

9. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 6810 (the "6810 Number") that received Defendant's communications.

10. Defendant is a California corporation whose principal place of business is at 8433 Sunset Blvd., West Hollywood, CA 90069.

11. Defendant directs, markets, and provides its business activities throughout the State of California.

12. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

13. Beginning at least on December 2, 2025, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 6810 Number, from Defendant's 877-320-1086 number. Defendant sent text messages to Plaintiff on the following dates: December 2, 2025; December 5, 2025; December 26, 2025; January 4, 2026; January 5, 2026; February 2, 2026; February 26, 2026; March 13, 2026; March 23, 2026; April 17, 2026; May 16, 2026; May 29, 2026; June 8, 2026; June 10, 2026; June 15, 2026; June 17, 2026; July 3, 2026; July 5, 2026; July 7, 2026; July 9, 2026; July 21, 2026; July 24, 2026; July 27, 2026; July 28, 2026; July 30, 2026; August 2, 2026; August 4, 2026; and August 7, 2026, as shown below:




11:59
55
329
+1 (877) 320-1...
Hollywood! NIKKI GLASER, ILIZA, PATTON OSWALT, TODD GLASS and MARK SERRITELLA! Get Tickets at DustedCompany.com
Plus Jan 1st in East Hollywood! NIKKI GLASER, PATTON OSWALT, DOUG BENSON and CHAD KROEGER! Get Tickets at TheVirgil.com
Sun, Jan 4 at 6:39 PM
ComedyStore MAINROOM Tue 8pm Howie Mandel Patton Oswalt Kevin Nealon Steph Tolev Matt Friend plus were adding more stars! GetTix TheComedyStore.com STOP to end
Subject
Text Message • SMS


11:59
56
329
+1 (877) 320-1...
STOP to end
Mon, Jan 5 at 1:58 PM
Comedy Store TUESDAY SEBASTIAN and JAY LENO just added! MONDAY DAVID SPADE, JAY LENO, ILIZA, ANDREW SANTINO and ADAM RAY! Get Tix TheComedyStore.com STOP to end
Mon, Feb 2 at 10:53 AM
Tonight 8pm JAY LENO RUSSELL PETERS PETE HOLMES ANDREW SANTINO STEPH TOLEV and More! Get Tix at TheComedyStore.com STOP to end
Thu, Feb 26 at 11:03 AM
Subject
Text Message • SMS


11:59
329
+1 (877) 320-1...
and More
TheComedyStore.com
STOP to end
Thu, Feb 26 at 11:03 AM
Mon 8p HOWIE MANDEL NICK SWARDSON JIM JEFFERIES Get Tix TheComedyStore.com 3/17 JAY LENO TIFFANY HADDISH ANJELAH JOHNSON Get Tix DustedCompany.com STOP to end
Fri, Mar 13 at 6:32 PM
Wed Mar 25th Comedy Store JAY LENO NIKKI GLASER Get Tix TheComedyStore.com LONG BEACH Mar 24 and 25th NICK SWARDSON Get Tix LongBeach.Harvelles.com STOP to end
Subject
Text Message • SMS
HOWIE MANDEL ILIZA


11:59
329
+1 (877) 320-1...
Store JAY LENO NIKKI GLASER Get Tix TheComedyStore.com LONG BEACH Mar 24 and 25th NICK SWARDSON Get Tix LongBeach.Harvelles.com STOP to end
Mon, Mar 23 at 10:08 PM
Wed 8pm JAY LENO HOWIE MANDEL ILIZA MATT FRIEND Tix TheComedyStore.com plus GUESTLIST Tuesday/ Wednesday NICK SWARDSON in LONG BEACH Reply NAME/ AMOUT STOP to end
Fri, Apr 17 at 10:03 AM
SAT 9p Pasadena ICE HOUSE Star of David
Subject
Text Message • SMS
JAMES DAVIS Tix at


11:59
329
+1 (877) 320-1...
Fri, Apr 17 at 10:03 AM
SAT 9p Pasadena ICE HOUSE Star of David Spade Theo Vons New Movie BUS BOYS CHARLOTTE McKINNEY MELANIE IGLESIAS JAMES DAVIS Tix at IceHouseComedy.com STOP to end
Sat, May 16 at 12:37 PM
ICEHOUSE Tonite 915 Charlotte McKinney Aparna Nancherla Leslie Liao Reply for GUESTLIST plus WED 8pm Kevin Nealon Adam Ray GetTix IceHouseComedy.com STOP to end
Fri, May 29 at 2:56 PM
Subject
Text Message • SMS


11:59
329
+1 (877) 320-1...
Fri, May 29 at 2:56 PM
ICE HOUSE Tonight 945 Dana Gould Sklar Bros Reply for GUESTLIST plus June Chelsea Handler Jay Leno Tiffany Haddish Fortune GetTix IceHouseComedy.com STOP to end
Mon, Jun 8 at 11:21 AM
Tonite 8 JAY LENO KEVIN NEALON HARLAND WILLIAMS ANDREW SANTINO and VERY VERY SPECIAL GUEST GetTix TheComedyStore.com WED Chelsea Handler ICEHOUSECOMEDYdot-com
Wed, Jun 10 at 12:02 PM
Subject
Text Message • SMS


11:58
329
+1 (877) 320-1...
Tonite 8 JAY LENO KEVIN NEALON HARLAND WILLIAMS ANDREW SANTINO and VERY VERY SPECIAL GUEST GetTix TheComedyStore.com WED Chelsea Handler ICEHOUSECOMEDYdot-com
Wed, Jun 10 at 12:02 PM
ICE HOUSE Tonight Jay Leno Chelsea Handler Sarah Silverman IceHouseComedy.com COMEDY STORE Friday 7pm Iliza Whitney Cummings TheComedyStore(dot)com STOP to end
Mon, Jun 15 at 6:40 PM
ICE HOUSE Tue JAY LENO
Subject
Text Message • SMS


11:58
329
+1 (877) 320-1...
ICE HOUSE Tue JAY LENO RUSSELL PETERS Next Wed TIFFANY HADDISH FORTUNE FEIMSTER just added REGGIE WATTS 6/30 PATTON OSWALT GetTix IceHouseComedy.com STOP to end
Wed, Jun 17 at 6:00 PM
Hollywood 6/22 DAVID SPADE NATASHA LEGGERO DAN LEVY! Tix at largo-la.com plus 7/6 ADAM RAY FORTUNE FEIMSTER ROBBY HOFFMAN Get Tix TheComedyStore.com STOP to end
Fri, Jul 3 at 11:49 AM
Subject
Text Message • SMS


11:58
329
+1 (877) 320-1...
Fri, Jul 3 at 11:49 AM
Mon 7/6 ADAM RAY FORTUNE FEIMSTER ROBBY HOFFMAN Tue 7/14 JAY LENO Get Tix TheComedyStore.com Wed 7/8 CRISTELA ALONZO Get Tix IceHouseComedy.com STOP to end
Sun, Jul 5 at 3:25 PM
Mon 7/6 DAVID SPADE and KAM PATTERSON just added! Plus ADAM RAY FORTUNE FEIMSTER ROBBY HOFFMAN and STEPH TOLEV Tue 7/14 JAY LENO TheComedyStore.com STOP to end
Tue, Jul 7 at 6:17 PM
Subject
Text Message • SMS


11:58
329
+1 (877) 320-1...
Sun, Jul 5 at 3:25 PM
Mon 7/6 DAVID SPADE and KAM PATTERSON just added! Plus ADAM RAY FORTUNE FEIMSTER ROBBY HOFFMAN and STEPH TOLEV Tue 7/14 JAY LENO TheComedyStore.com STOP to end
Tue, Jul 7 at 6:17 PM
Pasadena 7/8 CRISTELA ALONZO 7/15 JAY LENO BILLY GARDELL 7/22 JAY LENO TIFFANY HADDISH 7/29 JAY LENO TIFFANY HADDISH DAMON WAYANS IceHouseComedy.com STOP to end
Thu, Jul 9 at 1:43 PM
Subject
Text Message • SMS


11:58
329
+1 (877) 320-1...
TUES Dr Phil and Netflix's ADAM RAY headlines in STUDIO CITY TheStarlightCabaret.com plus WED - JAY LENO TIFFANY HADDISH and MORE IceHouseComedy.com STOP to end
Tue, Jul 21 at 7:32 PM
Wed and Next Wed JAY LENO TIFFANY HADDISH NATASHA LEGGERO DAMON WAYANS IceHouseComedy.com Mon Aug 3rd JAY LENO HOWIE MANDEL TheComedyStore.com STOP to end
Fri, Jul 24 at 9:42 AM
Subject
Text Message · SMS


11:58
329
+1 (877) 320-1...
Wed and Next Wed JAY LENO TIFFANY HADDISH NATASHA LEGGERO DAMON WAYANS IceHouseComedy.com Mon Aug 3rd JAY LENO HOWIE MANDEL TheComedyStore.com STOP to end
Fri, Jul 24 at 9:42 AM
Wed JAY LENO TIFFANY HADDISH DAMON WAYANS Magic Castles JERBEAR IceHouseComedy.com Mon Aug 3 JAY LENO HOWIE MANDEL ANDREW SANTINO TheComedyStore.com STOP to end
Mon, Jul 27 at 6:42 PM
Subject
Text Message · SMS


11:58
CLUB ZERO ONE
now
commented on a post you were tagged in: Discounted presale tick...
Mon Aug 3 JAY LENO HOWIE MANDEL ANDREW SANTINO MATT FRIEND plus Thu Aug 13 JAY LENO HOWIE MANDEL HARLAND WILLIAMS ILZA Get TIx at TheComedyStore.com STOP to end
Tue, Jul 28 at 10:43 AM
WED 20 TIX LEFT Jay Leno Tiffany Haddish plus UNANNOUNCED VERY SPECIAL GUEST ;) IceHouseComedy.com FRI Natasha Leggero Todd Glass TheStandUpClub.com STOP to end
Thu, Jul 30 at 9:41 AM
Subject
Text Message · SMS


11:58
329
+1 (877) 320-1...
Hollywood GetTix PreacherLawson.com MON Aug 3 JAY LENO HOWIE MANDEL ANDREW SANTINO MATT FRIEND TheComedyStore.com STOP to end
Sun, Aug 2 at 5:15 PM
Mon 8pm Jay Leno, Howie Mandel, Andrew Santino, Matt Friend, HUGE CONFIRMED POP IN (Huge) This is a Can't Miss show! Get Tix at TheComedyStore.com Thu 8pm Donnell Rawlings Get Tix IceHouseComedy.com STOP to end
Tue, Aug 4 at 11:48 AM
Subject
Text Message · SMS




14. On or about August 7, 2026, after receiving multiple text messages from Defendant, Plaintiff revoked his consent to be contacted by sending the message "please halt all communication" in an attempt to opt out of any further text message communications with Defendant, as shown below:




15. Despite Plaintiff's unequivocal opt-out request, Defendant willfully ignored Plaintiff's request and continued to bombard Plaintiff with more unwanted telemarketing text messages. Defendant sent additional text messages to Plaintiff on

August 9, 2026; August 11, 2026; August 13, 2026; August 17, 2026; and August 21, 2026, as shown below:




11:58
329
+1 (877) 320-1...
HOWIE MANDEL
HANNIBAL BURESS
MORGAN JAY ILIZA
GetTix
TheComedyStore.com
STOP to end
Thu, Aug 13 at 11:22 AM
Tonight 8pm JAY LENO HOWIE MANDEL ILIZA MORGAN JAY This Friday 7pm WHITNEY CUMMINGS DAN MITZ DAN LEVY Wed Aug 26th JAY LENO JIM JEFFERIES ILIZA ADAM RAY Tue Sept 8th JAY LENO JIM JEFFERIES REGGIE WATTS Get Tix at TheComedyStore.com STOP to end
Mon, Aug 17 at 10:35 AM
Subject
Text Message · SMS


11:58
329
+1 (877) 320-1...
TheComedyStore.com
STOP to end
Mon, Aug 17 at 10:35 AM
Wed Aug 19th Thu Aug 27th Sat Sept 5th JAY LENO DONNELL RAWLINGS CRAIG ROBINSON ADAM RAY NATASHA LEGGERO STEPH TOLEV and MORE! Get Tix IceHouseComedy.com Wed Aug 26th Mon Sept 8th JAY LENO JIM JEFFERIES ILIZA REGGIE WATTS ROBBY HOFFMAN MARIO ADRION and MORE! Get Tix TheComedyStore.com STOP to end
Fri, Aug 21 at 9:28 AM
Subject
Text Message · SMS




16. Defendant has the capability of immediately complying with Plaintiff's opt-out request.

17. As demonstrated by the above, Defendant does not honor reasonable consumer requests to opt out of text message solicitations. Indeed, Plaintiff attempted to opt out of Defendant's text message solicitations by telling Defendant to "please halt

all communication," but Defendant continued to text message Plaintiff, intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

18. Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

19. Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

20. Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's opt-out request.

21. Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

22. Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant does not maintain an internal do-not-call list.

23. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff, as reflected by the fact that Plaintiff made an opt-out request and that request was never processed; it was ignored by Defendant and its employees, and Defendant continued to send text messages for over two weeks following Plaintiff's opt-out request.

24. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt out of future communications are honored within a reasonable time.

25. Indeed, Plaintiff's and the Class members opt-out requests were not honored within a reasonable time from when the opt-out request was made.

26. Defendant's text messages were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.

27. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., promoting Defendant's comedy shows and entertainment services.

28. The information contained in the text messages advertises Defendant's various shows, events, discounts, and promotions, which Defendant sends to promote its business.

29. Upon information and belief, Defendant does not have a written policy for maintaining an internal do-not-call list pursuant to 47 C.F.R. § 64.1200(d)(1).

30. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarketing in the existence and the use of any internal do-not-call list pursuant to 47 C.F.R. § 64.1200(d)(2).

31. Defendant sent the subject texts within this judicial district and, therefore, Defendant's violations of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

32. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

33. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted.

34. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

35. Plaintiff has no existing business relationship with Defendant.

36. To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that consent was expressly revoked on at least August 7, 2026, when Plaintiff sent the message "please halt all communication."

37. Plaintiff is the subscriber and sole user of the 6810 Number and is financially responsible for it.

38. Plaintiff's 6810 Number is his residential number which he uses for personal purposes.

39. Plaintiff registered his 6810 Number with the National Do-Not-Call Registry on October 31, 2023, and has been registered at all times relevant to this action.

40. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

41. The text messages originated from telephone number 877-320-1086, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

42. Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to text message logs showing Plaintiff's and the Class members' inbound opt-out requests.

43. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

44. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what he was doing to either retrieve his phone and/or look down at the phone to review the message.

45. Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted communications. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of his time in addressing and attempting to stop Defendant's solicitations.

## CLASS ALLEGATIONS

### PROPOSED CLASS

46. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

47. Plaintiff brings this case on behalf of the following "Classes" defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) for the purpose of promoting Defendant's products and services.**
>
> **National Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) received at least two text messages within any 12-month period; (2) from Defendant or on Defendant's behalf; (3) for the purpose of promoting Defendant's products and services; (4) to the person's personal telephone number; (5) while Defendant did not institute procedures that met the**

**minimum standards required by 47 C.F.R. § 64.1200(d)(1)-(6).**

48. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each Class but believes the Classes members number in the several thousands, if not more.

49. Also excluded from the Classes are persons who, after making a request to Defendant to not receive future text messages, subsequently affirmatively opted-in to receive text messages from Defendant.

**NUMEROSITY**

50. Upon information and belief, Defendant has sent telemarketing text messages to telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express written consent and/or after they had requested to opt-out. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

51. The exact number and identities of the members of the Classes are unknown at this time and can only be ascertained through discovery. Identification of the Classes members is a matter capable of ministerial determination from Defendant's text messages records.

**COMMON QUESTIONS OF LAW AND FACT**

52. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a) Whether Defendant initiated telemarketing text messages to Plaintiff and the Classes members;

b) Whether Defendant violated 47 C.F.R. § 64.1200(c);

c) Whether Defendant violated 47 C.F.R. § 64.1200(d);

d) Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

e) Whether Defendant keeps records of text recipients who revoked consent to receive texts;

f) Whether Defendant has any written policies for maintaining an internal do not call list;

g) Whether Defendant's conduct was knowing and willful; and

h) Whether Defendant is liable for damages, and the amount of such damages.

53. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telemarketing text messages to consumers after they had requested to be opted out and at times prohibited by law, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

54. Plaintiff's claims are typical of the claims of the Classes members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

55. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**SUPERIORITY**

56. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual

damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

57. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**<u>Violation of the TCPA, 47 U.S.C. § 227</u>**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

58. Plaintiff repeats and realleges the paragraphs 1 through 57 of this Complaint and incorporates them by reference herein.

59. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

60. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

61. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

62. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving communications to which they object. 47 U.S.C. § 227(c).

63. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

64. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

65. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**

**<u>Violation of 47 U.S.C. § 227(c)(2)</u>**

**(Individually and on Behalf of the National Internal Do Not Call Class)**

66. Plaintiff re-alleges and incorporates paragraphs 1 through 57 as if fully set forth herein.

67. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action

based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

68. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed ten (10) business days from the receipt of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request. A person or entity making an artificial or prerecorded- voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) or any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a call is made or an affiliated entity
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

69. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*."

47 C.F.R. § 64.1200(e).

70. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

71. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

72. Defendant continued to send telemarketing calls and messages to Plaintiff more than ten (10) business days after Plaintiff's opt-out request.

73. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing communications made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

74. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

75. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

76. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in

statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

77. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

78. Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes;

c) An order declaring that Defendant's actions, set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Classes;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Classes, hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

Dated: September 29, 2026

Respectfully submitted,

By: */s/ Scott Edelsberg*

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Classes*